UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | (Subchapter V) |
| SMILE KRAFTERS, P.C., | : | |
| | : | Bankruptcy No. 24-12256 (PMM) |
| | : | |
| Debtor. | : | |
| | : | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY RULES 2002(a)(7) AND 3003(c)(3), (I) FIXING A BAR DATE
FOR FILING PROOFS OF CLAIM AND (II) APPROVING FORM
OF BAR DATE ORDER AND RELATED PROCEDURES**

TO:  THE HONORABLE PATRICIA M. MAYER,
     UNITED STATES BANKRUPTCY JUDGE

Smile Krafters P.C. (the "Debtor"), as debtor and debtor-in-possession, by and through its undersigned attorney, hereby files this motion for entry of an order pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and 3003(c)(3), (i) fixing a bar date for filing proofs of claim and (ii) approving form of bar date order and related procedures (the "Motion"), and in support thereof represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue of this proceeding and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a), 501, 502 and 1111(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of

1

Bankruptcy Procedure 2002(a)(7), 3003(c)(3) and 5005(a) and Local Bankruptcy Rule 9014-2(a)(7).

## BACKGROUND

4. On June 30, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its assets and is operating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is a Pennsylvania professional corporation which operates a clinical dental practice in Allentown, PA

6. On September 5, 2024, the Debtor filed its Subchapter V plan of reorganization (the "Plan") [Doc. No. 55].

## THE RELIEF REQUESTED

6. In connection with the Plan, the Debtor seeks to establish bar dates for filing proofs of claim.

A. **General Bar Date and Governmental Bar Date**

7. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed.R.Bankr.P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code provides that a proof of claim filed by a governmental unit shall be timely filed if it is filed before 180 days after the petition date.

8. By this Motion, the Debtor seeks entry of an order, substantially in the form attached as Exhibit A (the "Bar Date Order") (a) establishing **November 1, 2024** as the general bar date ("General Bar Date") by which all entities must file proofs of claim against the Debtor on account of claims arising, or which are deemed to have arisen by virtue of section 501(d) of the

Bankruptcy Code, prior to the Petition Date, including claims allowable under section 503(b)(9) and 503(b)(l)(A)(ii) of the Bankruptcy Code (collectively, the "Prepetition Claims"), and (b) establishing **December 30, 2024** as the governmental bar date ("Governmental Bar Date") by which each governmental unit (as defined in section 101(27) of the Bankruptcy Code) that asserts a claim against the Debtor that arose or is deemed to arise prior to the June 30, 2024, including claims allowable under sections 503(b)(9) and 503(b)(l)(A)(ii) of the Bankruptcy Code

9. Based upon the proposed procedures, the creditors that are not governmental units will have more than the twenty days required by Bankruptcy Rule 2002(a)(7) of the time fixed for filing a proof of claim. In addition, governmental units will have the 180 days required by section 502(b)(9) of the Bankruptcy Code ("Governmental Bar Date"). Accordingly, the proposed General Bar Date and Governmental Bar Date will afford creditors sufficient notice and opportunity to file proofs of claim.

B. **Proofs of Claim**

10. The proposed Bar Date Order provides that all persons and entities holding Prepetition Claims, including, without limitation, the following entities, must file proofs of claim on or before the General Bar Date:

  (a) Any entity (except for governmental units) whose Prepetition Claim against the Debtor is not listed in the Schedules or whose Prepetition Claim is listed as disputed, contingent, or unliquidated and that desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case; and

  (b) Any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

11. Each proof of claim must substantially comply with Official Bankruptcy Form 410, In addition, each proof of claim must attach copies of any writings upon which the claim is "based

3

in accordance with Bankruptcy Rules 3001(c) and 3001(d)[1]. All proofs of claim must be originally executed and actually received on or before the General Bar Date or Governmental Bar Date, as applicable, by the Clerk of the Bankruptcy Court.

12.    Proofs of claim must filed through the Court's CM/ECF system, be mailed by first class U.S. mail or delivered by messenger or overnight courier. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted. **Proofs of claim will be deemed timely filed only if actually received on or before the General Bar Date or, if applicable, the Governmental Bar Date, by the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania:**

**Office of the Clerk**
**United States Bankruptcy Court Eastern District of Pennsylvania**
**Robert N.C. Nix, Sr. Federal Courthouse 900 Market Street, Suite 400**
**Philadelphia, PA 19107**

13.    Pursuant to the proposed Bar Date Order, an entity need not file a proof of claim with respect to the following claims or interests:

>    (a)  a claim against the Debtor for which a proof of claim has already been filed with the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania utilizing a claim form that substantially conforms to Official Form 410;
>
>    (b)  a claim that is listed on the Schedules and is not described as "disputed," "contingent;" or "unliquidated" provided that the creditor agrees with the amount and nature of the claim as scheduled;
>
>    (c)  an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code (except for unpaid claims allowable under section 503(b)(9) or 503(b)(l)(A)(ii) of the Bankruptcy Code);

---

[1] Bankruptcy Rule 3001(c) requires as follows: "When a claim, or an interest in property of the Debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed.R.Bankr.P. 3001(c). Bankruptcy Rule 300l(d) requires that a "[s]ecurity interest in property of the Debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed.R.Bankr.P. 300l (d).

(d) an administrative expense claim for post-petition fees and expenses incurred by any professional pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

(e) a claim (or portion thereof) that has been paid by the Debtor; and

(f) a claim that has been allowed by an order of this Court entered on or before the General Bar Date or, if applicable, Governmental Bar Date.

14. Any entity exempted from filing a proof of claim or interest pursuant to (a) through (f) above, however, must still timely file a proof of claim for any other claim that does not fall within the exclusions provided by (a) through (e).

15. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any holder of a claim against the Debtor who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the General Bar Date or, if applicable, the Governmental Bar Date, shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan or participate in any distribution in the Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim.

C. **Proposed Notice Procedures**

16. The Debtor proposes to serve on all known entities holding potential Prepetition Claims: (a) a notice of the Bar Dates substantially in the form of attached as Exhibit B (the "Bar Date Notice") and (b) the Bar Date Order.by United States mail, first-class postage prepaid.

17. The Debtor submits that the proposed Bar Dates will provide potential claimants with an adequate amount of time within which to prepare and file proofs of claim.

5

## NOTICE

18. Notice of this Motion has been given to (a) the United States Trustee, (b) the Subchapter V trustee, and (c) those parties who have requested special notice pursuant to Bankruptcy Rule 2002. The Debtor submits that the foregoing notice is sufficient for entry of an order on the Motion.

## NO PRIOR REQUEST

19. No previous request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order that (a) establishes the Bar Dates and the related claims procedures proposed herein, (b) approves the form and manner of notice thereof to creditors and other parties-in-interest, and (c) granting such other and further relief as the Court may deem just and proper.

Dated: September 12, 2024

Respectfully submitted,

KURTZMAN | STEADY, LLC

By: /s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
555 City Avenue, Suite 480
Bala Cynwyd, PA 19004
Telephone: (215) 883-1600
Email: kurtzman@kurtzmansteady.com
(215) 883-1600
Attorneys for Debtor and Debtor-in-Possession