# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | (Subchapter V) |
| SMILE KRAFTERS, P.C., | : | |
| | : | Bankruptcy No. 24-12256 (PMM) |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER ESTABLISHING BAR DATE DEADLINES BY WHICH
ALL PARTIES MUST FILE PROOFS OF CLAIM**

Upon consideration of the motion (the "Motion") of the above-captioned debtor (the "Debtor") for an order, pursuant to bankruptcy rules 2002(a)(7) and 3003(c)(3), (i) fixing a bar date for filing proofs of claim and (ii) approving form of bar date order and related procedures, the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of this case and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and the hearing was sufficient under the circumstances; and (v) upon the record herein, and after due deliberation, good and sufficient cause exists for the relief requested. Accordingly, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

3. Except as otherwise provided herein, each person or entity that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose or is deemed to arise prior to June 30, 2024, including claims allowable under 11 U.S.C. § 503(b)(9) and

1

503(b)(l)(A)(ii), must file an original, written proof of such claim which substantially conforms to Official Form 410, so as to be received on or before **November 1, 2024** (the "General Bar Date") by the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania.

4. Each governmental unit (as defined in section 101(27) of the Bankruptcy Code) that asserts a claim against the Debtor that arose or is deemed to arise prior to June 30, 2024, including claims allowable under 11 U.S.C. § 503(b)(9) and 503(b)(l)(A)(ii), must file an original, written proof of claim that substantially conforms to Official Form 410 so as to be received on or before **December 30, 2024** (the "Governmental Bar Date", and collectively with the General Bar Date, the "Bar Dates") with the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania.

5. Original proofs of claim must be uploaded to the Court's CM/ECF system, or delivered by U.S. mail, hand delivery, overnight courier to the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania as follows:

**Office of the Clerk**
**United States Bankruptcy Court**
**Eastern District of Pennsylvania**
**Robert N.C. Nix, Sr. Federal Courthouse**
**900 Market Street, Suite 400**
**Philadelphia, PA 19107**

6. A proof of claim will be deemed timely filed only if the original proof of claim is actually received by the Bankruptcy Court before the General Bar Date or, if applicable, the Governmental Bar Date. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.

7. Persons and entities holding or asserting the following types of Prepetition Claims or interests against the Debtor are not required to file a proof of claim with respect to such claim or interest:

    (a)  a claim against the Debtor for which a proof of claim has already been filed with the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania utilizing a claim form that substantially conforms to Official Form 410;

    (b)  a claim that is listed on the Schedules and is not described as "disputed," "contingent;" or "unliquidated" provided that the creditor agrees with the amount and nature of the claim as scheduled;

    (c)  an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code (except for unpaid claims allowable under section 503(b)(9) or 503(b)(l)(A)(ii) of the Bankruptcy Code);

    (d)  an administrative expense claim for post-petition fees and expenses incurred by any professional pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

    (e)  a claim (or portion thereof) that has been paid by the Debtor; and

    (f)  a claim that has been allowed by an order of this Court entered on or before the General Bar Date or, if applicable, Governmental Bar Date.

Any entity exempted from filing a proof of claim or interest pursuant to (a) through (f) above, however, must still timely file a proof of claim for any other claim that does fall within the exclusions provided by (a) through (f). As set forth in subsection (e) above, creditors need not file a proof of claim with respect to any amounts paid by the Debtor.

    8.    Each proof of claim filed must (a) be denominated in lawful currency of the United States as of the Petition Date, (b) conform substantially with Official Form 410, and (c) attach copies of any writings upon which the claim is based.

    9.    Any holder of a claim against the Debtor who is required, but fails, to file a proof of such claim in accordance with this Order on or before the General Bar Date or, if applicable, Governmental Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim,

and such holder shall not be permitted to vote to accept or reject any chapter 11 plan or participate in any distribution in the Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim.

10. The Bar Date Notice is approved in all respects.

11. The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtor if it is served, together with the proof of claim form, by being deposited in the United States mail, first-class postage prepaid on or before October 11, 2024, upon the following persons and entities:

(a) The Office of the United States Trustee for the Eastern District of Pennsylvania;

(b) All persons and entities who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(c) All persons or entities listed in the Schedules at the addresses set forth therein;

(d) All known parties to executory contracts or unexpired leases with the Debtor;

(e) All taxing authorities for the jurisdictions in which the Debtor maintained or conducted business during the year prior to the Petition Date;

(f) All known holders (and, where known, their counsel) of Prepetition Claims against the Debtor; and

(g) All entities that are parties to any litigation in which the Debtor is a party (and, where known, their counsel).

13. The Debtor shall retain the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Claim; (b) subsequently designate any Prepetition Claim as disputed, contingent, or unliquidated in their schedules; (c) amend its schedules in any regard with respect to Prepetition Claims; and (d) object to any Prepetition Claim on any grounds.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

                                                                                                    ~~PATRICIA M. MAYER,~~  
                                                                                                     UNITED STATES BANKRUPTCY JUDGE